John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiffs AstraZeneca
Pharmaceuticals LP, AstraZeneca UK Limited,
and AstraZeneca AB.*

OF COUNSEL:

Lisa B. Pensabene, Esq.
Filko Prugo, Esq.
Will C. Autz, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB,<br><br>Plaintiffs,<br><br>v.<br><br>AGILA SPECIALTIES, INC. F/K/A STRIDES INC., ONCO THERAPIES LIMITED, MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES LIMITED, and MYLAN INC.<br><br>Defendants. | Case No. 1:15-cv-06039-RMB-KMW |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, and AstraZeneca AB (collectively "Plaintiffs" or "AstraZeneca") bring this action for patent infringement against Agila Specialties Inc. f/k/a Strides Inc. ("Agila"), Onco Therapies Limited ("Onco"), and Mylan Pharmaceuticals Inc. ("Mylan Pharms"), Mylan Laboratories Limited ("Mylan Labs") and Mylan Inc. (collectively "Defendants").

1

## THE PARTIES

1.    Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19850, U.S.A.

2.    Plaintiff AstraZeneca UK Limited is a private limited company organized under the laws of England and Wales, with its registered office at 2 Kingdom St, London W2 6BD, United Kingdom.

3.    Plaintiff AstraZeneca AB is a public limited liability company organized under the laws of Sweden with its principal place of business at Karlebyhus, Astraallén, Södertälje, S-151 85, Sweden.

4.    On information and belief, Defendant Agila Specialties Inc. (formerly known as Strides Inc.) is a wholly owned subsidiary of Mylan Inc., and is an agent or affiliate of Onco, Mylan Labs and/or Mylan Pharms.  Agila is a corporation organized and existing under the laws of New Jersey, having its principal place of business at 201 South Main Street, Suite 3, Lambertville, NJ 08530.

5.    On information and belief, Defendant Onco Therapies Limited is a wholly owned subsidiary of Mylan Inc., and is an agent or affiliate of Mylan Labs, Agila and/or Mylan Pharms. Onco is a corporation organized and existing under the laws of India, having its principal place of business at Strides House, Bilekahalli, Bannerghatta Road, Bangalore, Karnataka 560076, India.

6.    On information and belief, Defendant Mylan Pharmaceuticals Inc. is a wholly owned subsidiary of Mylan Inc., and is an agent or affiliate of Agila, Onco and/or Mylan Labs.

Mylan Pharms is a corporation organized and existing under the laws of West Virginia, having its principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

7.      On information and belief, Defendant Mylan Laboratories Limited is a wholly owned subsidiary of Mylan Inc., and is an agent or affiliate of Onco, Agila and/or Mylan Pharms.  Mylan Labs is a corporation organized and existing under the laws of India, having its principal place of business at Opp. IIM, Bilekahalli, Bannerghatta Road, Bangalore, Karnataka 560076, India.

8.      On information and belief, Defendant Mylan Inc. is a corporation organized and existing under the laws of Pennsylvania, having its principal place of business at 1000 Mylan Blvd., Canonsburg, PA 15317.  On information and belief, Mylan Inc. is the parent company of Onco, Mylan Labs, Agila, and Mylan Pharms.

9.      On information and belief, Mylan, Inc. is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including within this District.

10.      On information and belief, Mylan Pharms is primarily responsible for the marketing, distribution, and sales of Mylan Inc.'s products.

11.      On information and belief, Onco and/or Mylan Labs conduct business through and with Agila and/or Mylan Pharms.  On information and belief, Onco, Mylan Labs, Agila and Mylan Pharms conduct business under the direction and on behalf of Mylan Inc.

12.      On information and belief, Defendants acted in concert to develop the proposed generic product that is the subject of Abbreviated New Drug Application ("ANDA") No. 207640, and to seek regulatory approval from the U.S. Food and Drug Administration ("FDA")

3

to market and sell the proposed ANDA product throughout the United States, including within this District.

13.     On information and belief, Defendants participated in the preparation and/or filing of Defendants' ANDA No. 207640.

14.     On information and belief, Agila and/or Mylan Pharms are the U.S. registered agents for Onco and Mylan Labs with respect to Defendants' Abbreviated New Drug Application (described below).

## NATURE OF THE ACTION

15.     This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of Defendants' ANDA No. 207640, filed with the FDA seeking approval to engage in the commercial manufacture, use and sale of fulvestrant injection, 50 mg/mL (the "Proposed ANDA Product"), which is a generic version of AstraZeneca's FASLODEX® (fulvestrant) injection product, prior to the expiration of AstraZeneca's U.S. Patent Nos. 6,774,122, 7,456,160, 8,329,680, and 8,466,139.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

17.     This Court has personal jurisdiction over Defendants because, *inter alia*, they have maintained continuous and systematic contacts with the State of New Jersey and this District.

18.     On information and belief, Defendants collaborate to market and sell generic pharmaceutical products, pursuant to the Abbreviated New Drug Application process, throughout the United States, including in the State of New Jersey, at least by making and shipping into this judicial district, or by offering to sell or selling, or causing others to offer to sell or sell, generic pharmaceutical products.  Defendants derive substantial revenue from goods used or consumed or services rendered in this judicial district.

19.     This Court has personal jurisdiction over Agila because of its continuous and systematic contacts with this State.  On information and belief, Agila: (1) maintains its principal place of business in this State; (2) is registered with the New Jersey Department of Treasury under entity identification number 0100791546; (3) intentionally markets and provides its generic pharmaceutical products to residents of this State; and (4) enjoys substantial income from this State.  Moreover, Agila has previously submitted to personal jurisdiction in this judicial district.  *See Baxter Healthcare Corp. et al. v. Agila Specialties Private Ltd. et al*., C.A. No. 14-07094-FSH-MAH (D.N.J.), at D.I. 16.

20.     This Court has personal jurisdiction over Onco.  By letter dated July 24, 2015 (the "July 24, 2015 Notice Letter"), Agila notified AstraZeneca that it submitted to the FDA ANDA No. 207640 (*see* ¶ 34 below), and indicated that the July 24, 2015 Notice Letter was "on behalf of Agila Specialties Inc. f/k/a Strides Inc., on behalf of Onco Therapies Limited ("Agila")…" On information and belief, Onco conducts business through and with Agila, Mylan Labs, Mylan Pharms and Mylan Inc.  On information and belief, Onco assembled and caused Agila to file with the FDA, pursuant to 21 U.S.C. § 355(j) (Section 505(j) of the Federal Food, Drug and Cosmetic Act), ANDA No. 207640 concerning the Proposed ANDA Product.

21.     This Court has personal jurisdiction over Mylan Pharms by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of New Jersey law, and its substantial, continuous, and systematic contacts with the State of New Jersey. On information and belief, Mylan Pharms: (1) is registered with the State of New Jersey Division of Revenue and Enterprise Services and maintains a Business Registration Certificate under entity identification number 0100214277; (2) is registered with the New Jersey Department of Health Food and Drug Safety Program as a manufacturer and wholesale drug establishment and maintains a Drug and Medical Device Certificate of Registration under the trade name Mylan Pharmaceuticals Inc. and parent company name Mylan Inc. under Registration No. 5003762; (3) intentionally markets and provides its generic pharmaceutical products to residents of this State; and (4) enjoys substantial income from this State.

22.     This Court has personal jurisdiction over Mylan Labs by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of New Jersey law, and its substantial, continuous, and systematic contacts with the State of New Jersey. On information and belief, Mylan Labs conducts business through and with Agila, Onco, Mylan Pharms and Mylan Inc.  By letter dated September 8, 2015 (the "September 8, 2015 Notice Letter"), sent on behalf of Mylan Pharms, on behalf of Mylan Labs, Mylan Pharms notified AstraZeneca that it informed the FDA that the applicant for ANDA No. 207640 (*see* ¶ 35 below) "was changed from Onco Therapies Limited to Mylan Laboratories Limited, and that the U.S. contact was changed from Agila Specialties Inc. to Mylan Pharmaceuticals Inc."  On information and belief, Onco assembled and caused Agila to file with the FDA, pursuant to 21 U.S.C. § 355(j) (Section 505(j) of the Federal Food, Drug and Cosmetic Act), ANDA No. 207640 concerning the Proposed ANDA Product.

23.     This Court has personal jurisdiction over Mylan Inc. by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of New Jersey law, and its substantial, continuous, and systematic contacts with the State of New Jersey. On information and belief, Mylan Inc: (1) is registered with the State of New Jersey Division of Revenue and Enterprise Services and maintains a Business Registration Certificate under entity identification number 0100971292; (2) is registered with the New Jersey Department of Health Food and Drug Safety Program as a manufacturer and wholesale drug establishment and maintains a Drug and Medical Device Certificate of Registration under the trade name Mylan Pharmaceuticals Inc. and parent company name Mylan Inc. under Registration No. 5003762; (3) intentionally markets and provides its generic pharmaceutical products to residents of this State; and (4) enjoys substantial income from this State.   On information and belief, Mylan Inc., directly or through its subsidiaries including Mylan Pharms, Mylan Labs, Agila and Onco, manufactures, imports, markets, and sells generic drugs throughout the United States and in this judicial district.   According to Mylan Inc.'s 2014 10-K Report, Mylan Inc. "holds the number one ranking in the U.S. generics prescription market in terms of sales and the number two ranking in terms of prescriptions dispensed. Approximately one in every 13 prescriptions dispensed in the U.S. is a Mylan [Inc.] product. . . . In the U.S., [Mylan Inc. has] one of the largest product portfolios among all generic pharmaceutical companies, consisting of approximately 360 products . . . ."

24.     Upon information and belief, Defendants intend to manufacture for distribution and distribute and sell generic equivalents of AstraZeneca's FASLODEX® (fulvestrant injection) product throughout the United States and in this judicial district.

25.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**THE PATENTS-IN-SUIT**

26.     United States Patent No. 6,774,122 (the "'122 Patent"), entitled "Formulation," was duly and legally issued on August 10, 2004 and will expire on January 9, 2021, with an additional six months of pediatric exclusivity that will expire July 9, 2021.  AstraZeneca AB is the legal owner of the '122 Patent.  AstraZeneca UK Limited is the beneficial owner of the '122 Patent.  A copy of the '122 Patent is attached as Appendix A.

27.     United States Patent No. 7,456,160 (the "'160 Patent"), entitled "Formulation," was duly and legally issued on November 25, 2008 and will expire on January 9, 2021, with an additional six months of pediatric exclusivity that will expire July 9, 2021.  AstraZeneca AB is the legal owner of the '160 Patent.  AstraZeneca UK Limited is the beneficial owner of the '160 Patent.  A copy of the '160 Patent is attached as Appendix B.

28.     United States Patent No. 8,329,680  (the "'680 Patent"), entitled "Formulation," was duly and legally issued on December 11, 2012 and will expire on January 9, 2021, with an additional six months of pediatric exclusivity that will expire July 9, 2021.  AstraZeneca AB is the legal owner of the '680 Patent.  AstraZeneca UK Limited is the beneficial owner of the '680 Patent.  A copy of the '680 Patent is attached as Appendix C.

29.     United States Patent No. 8,466,139  (the "'139 Patent"), entitled "Formulation," was duly and legally issued on June 18, 2013 and will expire on January 9, 2021, with an additional six months of pediatric exclusivity that will expire July 9, 2021.  AstraZeneca AB is the legal owner of the '139 Patent.  AstraZeneca UK Limited is the beneficial owner of the '139 Patent.   A copy of the '139 Patent is attached as Appendix D.

## FACTUAL BACKGROUND

### FASLODEX® (fulvestrant injection)

30.     FASLODEX® (fulvestrant injection) is an estrogen receptor antagonist approved by the FDA for the treatment of hormone receptor positive metastatic breast cancer in postmenopausal women with disease progression following antiestrogen therapy.

31.     AstraZeneca UK Limited is the holder of approved New Drug Application ("NDA") No. 21-344 for FASLODEX® (fulvestrant injection), in 50 mg/mL dosage forms. AstraZeneca Pharmaceuticals LP is the authorized agent for matters related to NDA No. 21-344 in the United States.

32.     The use of FASLODEX® (fulvestrant injection) is covered by one or more Claims of the '122, '160, '680, and '139 Patents, and the '122, '160, '680, and '139 Patents have been listed for NDA No. 21-344 in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."

33.     AstraZeneca Pharmaceuticals LP sells and distributes FASLODEX® (fulvestrant injection) in the United States pursuant to NDA No. 21-344.

### DEFENDANTS' ANDA

34.     By the July 24, 2015 Notice Letter, Defendants Onco and Agila notified AstraZeneca that they submitted to the FDA ANDA No. 207640 seeking approval to engage in the commercial manufacture, use and sale of the Proposed ANDA Product prior to the expiration of the '122, '160, '680, and '139 Patents, and included within ANDA No. 207640 a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that the '122, '160, '680, and '139 Patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of the Proposed ANDA Product.

9

35.     By the September 8, 2015 Notice Letter, sent on behalf of Mylan Pharms, on behalf of Mylan Labs, Defendant Mylan Pharms notified AstraZeneca that it informed the FDA that the applicant for ANDA No. 207640 "was changed from Onco Therapies Limited to Mylan Laboratories Limited, and that the U.S. contact was changed from Agila Specialties Inc. to Mylan Pharmaceuticals Inc."  Defendants submitted ANDA No. 207640 to the FDA seeking approval to engage in the commercial manufacture, use and sale of the Proposed ANDA Product prior to the expiration of the '122, '160, '680, and '139 Patents, and included within ANDA No. 207640 a Paragraph IV Certification that the '122, '160, '680, and '139 Patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of the Proposed ANDA Product.

36.     On information and belief, Defendants were necessarily aware of the Patents-in-Suit when they filed ANDA No. 207640 with a Paragraph IV Certification.

37.     Neither the July 24, 2015 Notice Letter nor the September 8, 2015 Notice Letter (collectively, the "Notice Letters") contained allegations that the Claims of the '122, '160, '680 and '139 Patents are not infringed by the Proposed ANDA Product.

38.     On information and belief, ANDA No. 207640 refers to and relies upon the FASLODEX® (fulvestrant injection) NDA and contains data that, according to Defendants, demonstrate the bioequivalence of the Proposed ANDA Product and FASLODEX® (fulvestrant injection).

39.     On information and belief, the Proposed ANDA Product will have instructions for use that substantially copy the instructions for FASLODEX® (fulvestrant injection), including instructions for administering the Proposed ANDA Product by intramuscular injection to treat breast cancer.  The instructions accompanying the Proposed ANDA Product will induce others to

10

use and/or contribute to others' use of the Proposed ANDA Product in the manner set forth in the instructions.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,774,122

40.    Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1 – 39 of this Complaint.

41.    The use of the Proposed ANDA Product is covered by one or more Claims of the '122 Patent.

42.    Defendants' submission of ANDA No. 207640 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '122 Patent constitutes infringement of one or more Claims of the '122 Patent under 35 U.S.C. § 271(e)(2).

43.    On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 207640 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

44.    The Proposed ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least one or more Claims of the '122 Patent under 35 U.S.C. § 271(a).

45.    Upon FDA approval of ANDA No. 207640, Defendants will infringe the '122 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

46.     On information and belief, Defendants had knowledge of the '122 Patent when they submitted ANDA No. 207640 to the FDA and Defendants know or should know that they will aid and abet another's direct infringement of at least one of the Claims of the '122 Patent.

47.     The Notice Letters lack any legal or factual basis for non-infringement of any Claims of the '122 Patent.

48.     Defendants have knowledge of the '122 Patent and are knowingly and willfully infringing the '122 Patent.

49.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

50.     On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '122 Patent when they filed their Paragraph IV Certification.  Accordingly, Defendants' Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

## COUNT II: DECLARATORY JUDGMENT OF INFRINGEMENT OF
## U.S. PATENT NO. 6,774,122

51.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1 – 50 of this Complaint.

52.     This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

53.     On information and belief, Defendants have taken and plan to, intend to, and will take active steps to induce, or contribute to, the infringement of the '122 Patent under 35 U.S.C. § 271(b) and/or § 271(c), after ANDA No. 207640 is approved.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,456,160

54.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1 – 53 of this Complaint.

55.     The use of the Proposed ANDA Product is covered by one or more Claims of the '160 Patent.

56.     Defendants' submission of ANDA No. 207640 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '160 Patent constitutes infringement of one or more Claims of the '160 Patent under 35 U.S.C. § 271(e)(2).

57.     On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 207640 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

58.     On information and belief, the Proposed ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least one or more Claims of the '160 Patent under 35 U.S.C. § 271(a).

59.     Upon FDA approval of ANDA No. 207640, Defendants will infringe the '160 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

60.     On information and belief, Defendants had knowledge of the '160 Patent when they submitted ANDA No. 207640 to the FDA and Defendants know or should know that they will aid and abet another's direct infringement of at least one of the Claims of the '160 Patent.

13

61.     The Notice Letters lack any legal or factual basis for non-infringement of any Claims of the '160 Patent.

62.     Defendants have knowledge of the '160 Patent and are knowingly and willfully infringing the '160 Patent.

63.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

64.     On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '160 Patent when they filed their Paragraph IV Certification.  Accordingly, Defendants' Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

## COUNT IV: DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 7,456,160

65.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1 – 64 of this Complaint.

66.     This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

67.     On information and belief, Defendants have taken and plan to, intend to, and will take active steps to induce, or contribute to, the infringement of the '160 Patent under 35 U.S.C. § 271(b) and/or § 271(c), after ANDA No. 207640 is approved.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,329,680

68.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1 – 67 of this Complaint.

14

69.     The use of the Proposed ANDA Product is covered by one or more Claims of the '680 Patent.

70.     Defendants' submission of ANDA No. 207640 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '680 Patent constitutes infringement of one or more Claims of the '680 Patent under 35 U.S.C. § 271(e)(2).

71.     On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 207640 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

72.     On information and belief, the Proposed ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least one or more Claims of the '680 Patent under 35 U.S.C. § 271(a).

73.     Upon FDA approval of ANDA No. 207640, Defendants will infringe the '680 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

74.     On information and belief, Defendants had knowledge of the '680 Patent when Defendants submitted ANDA No. 207640 to the FDA and Defendants know or should know that they will aid and abet another's direct infringement of at least one of the Claims of the '680 Patent.

75.     The Notice Letters lack any legal or factual basis for non-infringement of any Claims of the '680 Patent.

76.     Defendants have knowledge of the '680 Patent and are knowingly and willfully infringing the '680 Patent.

77.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

78.     On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '680 Patent when they filed their Paragraph IV Certification.  Accordingly, Defendants' Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

### COUNT VI: DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,329,680

79.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1 – 78 of this Complaint.

80.     This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

81.     On information and belief, Defendants have taken and plan to, intend to, and will take active steps to induce, or contribute to, the infringement of the '680 Patent under 35 U.S.C. § 271(b) and/or § 271(c), after ANDA No. 207640 is approved.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,466,139

82.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1 – 81 of this Complaint.

83.     The use of the Proposed ANDA Product is covered by one or more Claims of the '139 Patent.

16

84.     Defendants' submission of ANDA No. 207640 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '139 Patent constitutes infringement of one or more Claims of the '139 Patent under 35 U.S.C. § 271(e)(2).

85.     On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 207640 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

86.     On information and belief, the Proposed ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least one or more Claims of the '139 Patent under 35 U.S.C. § 271(a).

87.     Upon FDA approval of ANDA No. 207640, Defendants will infringe the '139 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

88.     On information and belief, Defendants had knowledge of the '139 Patent when they submitted ANDA No. 207640 to the FDA and Defendants know or should know that they will aid and abet another's direct infringement of at least one of the Claims of the '139 Patent.

89.     The Notice Letters lack any legal or factual basis for non-infringement of any Claims of the '139 Patent.

90.     Defendants have knowledge of the '139 Patent and are knowingly and willfully infringing the '139 Patent.

91.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

92.     On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '139 Patent when they filed their Paragraph IV Certification.  Accordingly, Defendants' Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

### COUNT VIII: DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,466,139

93.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1 – 92 of this Complaint.

94.     This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

95.     On information and belief, Defendants have taken and plan to, intend to, and will take active steps to induce, or contribute to, the infringement of the '139 Patent under 35 U.S.C. § 271(b) and/or § 271(c), after ANDA No. 207640 is approved.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a)     Judgment that the '122, '160, '680, and '139 Patents are valid and enforceable;

b)     Judgment that Defendants' submission of ANDA No. 207640 was an act of infringement of one or more Claims of the '122, '160, '680, and '139 Patents under 35 U.S.C. § 271(e)(2);

18

c)        Judgment that Defendants' making, using, offering to sell, selling, or importing into the United States of the Proposed ANDA Product prior to the expiration of the '122, '160, '680, and '139 Patents, will infringe, will actively induce infringement, and/or will contribute to the infringement of one or more Claims of the '122, '160, '680, and/or '139 Patents;

d)        An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 207640 shall be a date that is not earlier than the expiration of the '122, '160, '680, and '139 Patents plus any other exclusivity to which Plaintiffs are or become entitled;

e)        An Order permanently enjoining Defendants, their affiliates and subsidiaries, each of their officers, agents, servants and employees, and any person acting in concert with Defendants, from making, using, offering to sell, selling, marketing, distributing, or importing into the United States the Proposed ANDA Product until after the expiration of the '122, '160, '680, and '139 Patents plus any other exclusivity to which Plaintiffs are or become entitled;

f)        Judgment declaring that infringement, inducement or contributory infringement of the '122, '160, '680, and/or '139 Patents by Defendants is willful should Defendants commercially manufacture, use, offer to sell, sell, or import into the United States the Proposed ANDA Product;

g)        A declaration that this case is an exceptional case within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action;

h)        Plaintiffs' reasonable costs and expenses in this action; and

19

i)      Such further and other relief as this Court deems proper and just.

Dated:  September 21, 2015                    Respectfully submitted,

                                              By:  s/John E. Flaherty
                                                   John E. Flaherty
                                                   Ravin R. Patel
                                                   McCARTER & ENGLISH LLP
                                                   Four Gateway Center
                                                   100 Mulberry Street
                                                   Newark, New Jersey 07102
                                                   (973) 622-4444

OF COUNSEL:                                   *Attorneys For Plaintiffs,*
                                              *AstraZeneca Pharmaceuticals LP,*
Lisa B. Pensabene, Esq.                       *AstraZeneca UK Limited, and*
Filko Prugo, Esq.                             *AstraZeneca AB*
Will C. Autz, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
(212) 326-2000

20

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is related to the subject matter of the following actions:

- *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. SANDOZ INC., and SANDOZ INTERNATIONAL GmbH*, C.A. No. 1:14-cv-03547-RMB-KMW
- *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. SAGENT PHARMACEUTICALS, INC.*, C.A. No. 1:14-cv-05539-RMB-KMW
- *ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB v. GLENMARK PHARMACEUTICALS LTD., GLENMARK GENERICS LTD., and GLENMARK PHARMACEUTICALS INC., USA*, C.A. No. 1:15-cv-00615-RMB-KMW

The foregoing cases involve FASLODEX® (fulvestrant) injection, a product marketed by AstraZeneca that contains a fulvestrant formulation.  The FASLODEX® (fulvestrant) injection cases have been assigned to Hon. Renee M. Bumb, U.S.D.J.  On May 7, 2015, the foregoing cases were consolidated by Judge Bumb as Consolidated Case No. 1:14-cv-03547-RMB-KMW.  Plaintiffs respectfully request that this case likewise be assigned to Judge Bumb due to her familiarity with the subject matter.

Dated:  September 21, 2015            Respectfully submitted,

                                     By:  s/John E. Flaherty
                                          John E. Flaherty
                                          Ravin R. Patel
                                          McCARTER & ENGLISH LLP
OF COUNSEL:                               Four Gateway Center
                                          100 Mulberry Street
Lisa B. Pensabene, Esq.                   Newark, New Jersey 07102
Filko Prugo, Esq.                         (973) 622-4444
Will C. Autz, Esq.
O'MELVENY & MYERS LLP                     *Attorneys For Plaintiffs,*
7 Times Square                            *AstraZeneca Pharmaceuticals LP,*
New York, New York 10036                  *AstraZeneca UK Limited, and*
(212) 326-2000                            *AstraZeneca AB*

2